UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SHERRY NEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CV-521 |
| ) | (VARLAN/SHIRLEY) |
| ) | |
| MICHAEL J ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Order [Doc. 26] of the Honorable Thomas A. Varlan, United States District Judge, for a report and recommendation regarding disposition of Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 [Doc. 24]. Plaintiff seeks an order awarding her attorney fees in the amount of $1,899.90 under the authority of 28 U.S.C. § 2412(d)(1).

On September 24, 2009, the Honorable Thomas A. Varlan, United States District Judge, entered an Order [Doc. 20] granting the parties' Joint Motion for Entry of Judgment With Remand, Pursuant to 42 U.S.C. § 405(g) [Doc. 19].

The following four conditions must be met before a plaintiff is entitled to recover attorney fees under EAJA:

    1. The plaintiff must be a prevailing party;

    2. The Commissioner's position must be without

-1-

substantial justification;

3. No special circumstances warranting denial of fees may exist; and

4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

See 28 U.S.C. § 2412(d)(1).

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA, renders her a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991). Thus, the first condition for granting fees under EAJA has been met.

To establish that the position taken by the Commissioner in an action was without "substantial justification," a plaintiff must show that it was not justified, "both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989) (citing Pierce v. Underwood, 487 U.S. 552, 559 (1988)). In this case, the Commissioner has stated that he does not oppose Plaintiff's request for EAJA attorney fees, and he has thereby conceded that his position in this action was not substantially justified. [Doc. 27]. Thus, the second condition for granting fees under EAJA has been met.

The Court is not aware of, and the parties have not raised, any "special circumstances" that might make an award of attorney fees unjust. Thus, the third condition for granting fees under the EAJA has been met.

On October 23, 2009, Plaintiff moved for a total fee amount of $1,899.90.[1] [Doc. 24]. This motion included a proper application for fees [Doc. 25], and it was filed within 30 days of the final

---

[1] This amount represents Plaintiff's claim for 10.3 attorney hours at a rate of $159.00 per hour, and 5.7 paralegal hours at a rate of $46.00 per hour. [Doc. 25 at 5].

-2-

judgment in this matter. Thus, the fourth condition for granting fees under EAJA has been met.

Finally, the Commissioner has stated that he does not oppose the payment of attorney fees to Plaintiff in the requested amount of $1,899.90. [Doc. 27]

Based upon the foregoing, the Court finds that Plaintiff's motion is well-taken. Accordingly, it is **RECOMMENDED**[2] that Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. § 2412 **[Doc. 24]** be **GRANTED**, and that a judgment awarding Plaintiff the amount of **$1,899.90** for attorney fees be entered.

                                        Respectfully submitted,

                                          s/ C. Clifford Shirley, Jr.  
                                        United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).